UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

DIVISION

| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>FABIAN MCCLOSKEY<br>Defendant. | 3:17-CR-30111-RAL-1<br><br>OPINION AND ORDER DENYING<br>MOTION FOR REDUCED SENTENCE |
|---|---|

Fabian McCloskey (McCloskey) moves pro se to have his sentence reduced. McCloskey requests that he be given sixty days of credit for time served allegedly on a federal detainer prior to his indictment. For the reasons stated below, this Court denies McCloskey's motion.

On October 30, 2017, McCloskey pleaded guilty to Domestic Assault by an Habitual Offender, in violation of 18 U.S.C. § 117(a)(1). Doc. 28. This Court sentenced McCloskey to eleven months custody on January 22, 2018, to run concurrently with an 11 month sentence on a revocation of supervised release, followed by three years of supervised release. Doc. 37. McCloskey wrote to this Court requesting sixty additional days to be credited against his federal sentence, and this Court directed the Clerk of Court to docket the letter as a motion to reduce his sentence on June 13, 2018. Doc. 39. McCloskey avers that he was held on a federal detainer from an arrest on April 29, 2017, until he was transferred from the Rosebud Sioux Tribe Jail into the custody of the U.S. Marshals Service after being indicted federally on August 16, 2017. Doc. 1; Doc. 4; Doc. 39 at 1 and 3.

1

This Court lacks the authority to alter the Judgment at this point and to craft a different sentence, including a new calculation to award credit for time served in tribal custody as McCloskey desires. In United States v. Wilson, the Supreme Court clarified that 18 U.S.C. § 3585(b) requires the Attorney General post-sentencing, rather than district courts, to award a prisoner credit for time served: "After a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons] has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992). "Crediting jail time against federal sentences long has operated" along these lines, with credit for time served determined by the Bureau of Prisons. Id. at 335. Consequently, it is the duty of the Bureau of Prisons at this point, not this Court, to determine whether McCloskey is entitled to credit for time served whether in tribal or other custody.

A procedural deficiency also bars McCloskey's motion. Rule 35 of the Federal Rules of Criminal Procedure controls when a district court may correct or reduce a sentence. Rule 35(a) allows a court to correct "a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days of sentencing. Fed. R. Crim. P. 35(a). Rule 45(b)(2) of the Federal Rules of Criminal Procedure provides that "[t]he court may not extend the time to take any action under Rule 35, except as stated in that rule." Fed. R. Crim. P. 45(b)(2). At this point, this Court cannot adjust McCloskey's sentence on the grounds he presents. The only other basis for sentence reduction provided in Rule 35 is reduction for substantial assistance upon a motion from the government, which is not at issue in McCloskey's case. Fed. R. Crim. P. 35(b). In short, this Court lacks authority to grant McCloskey the relief he seeks.

For the reasons stated above, it is

ORDERED that McCloskey's motion to reduce his sentence, Doc. 39, is denied.

DATED this 29th day of June, 2018.

       BY THE COURT:

       _____
       ROBERTO A. LANGE
       UINTED STATES DISTRICT JUDGE